IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| HUY CHI LUONG | § | |
| v. | § | CIVIL ACTION NO. 5:23cv67 |
| WARDEN, FCI-TEXARKANA | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

The Petitioner Huy Chi Luong, an inmate of the Federal Correctional Institution at Texarkana proceeding *pro se*, filed this petition for the writ of habeas corpus under 28 U.S.C. § 2241 challenging the legality of his conviction. The petition was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas.

**I. The Petitioner's Claims**

Petitioner states that he was convicted in the Northern District of California of violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), Hobbs Act robbery,[1] conspiracy to commit Hobbs Act robbery, and possession of a firearm in connection with a crime of violence. He received a total sentence of 300 months. Petitioner is also serving a 360 month imposed by the Eastern District of California for additional robberies and money laundering, which sentences are concurrent.

---

[1] In relevant part, the Hobbs Act, 18 U.S.C. § 1951, prohibits obstructing, delaying, or affecting commerce or the movement of any article or commodity in commerce by robbery, meaning the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

Petitioner has previously sought relief through motions to vacate or correct sentence under 28 U.S.C. § 2255 in the Northern District of California. The first of these argued that the evidence was insufficient to convict him as a principal in the Hobbs Act robbery and that he received ineffective assistance of counsel. *See* cause no. 4:96cr94, Dkt. No. 2108 (N.D.Cal., order entered August 5, 2013). The second of these, filed after Petitioner received permission from the Ninth Circuit Court of Appeals to file a successive petition, argued that his conviction under 18 U.S.C. § 924(c) could not stand under *Johnson v. United States*, 576 U.S. 591 (2015), which held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague, and *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), which held that the residual clause of 18 U.S.C. § 16(b), defining the term "crime of violence," was also unconstitutionally vague. In his § 2255 motion, Petitioner argued that the predicate crime of violence used to support his Section 924(c) conviction was the conspiracy to commit Hobbs Act robbery, but the conspiracy is not a crime of violence under *Johnson* and thus cannot be used to support a conviction under § 924(c).

The district court acknowledged that other courts within the Ninth Circuit had held conspiracy to commit Hobbs Act robbery is not a crime of violence. However, the court determined that this did not help Petitioner because the predicate crime of violence in his case was not a conspiracy to commit Hobbs Act robbery, but an actual Hobbs Act robbery, which is a crime of violence and therefore can support a § 924(c) conviction. The court thus rejected Petitioner's second motion to vacate or correct sentence. *See* cause no. 4:96cr94, Dkt. No. 2296 (N.D.Cal., order entered June 12, 2018).

In his present § 2241 petition, Petitioner says that he is asking the Court to make a *de novo* review of his claims because conspiracy to commit Hobbs Act robbery and conspiracy to launder monetary instruments are not crimes of violence for purposes of sentencing enhancement under 18 U.S.C. § 924(c), citing *Davis v. United States*, 588 U.S. 445 (2019). He sets out the standards for seeking relief under § 2241 and argues that he meets this standard because he is actually innocent, citing *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998), *abrogated by Jones v. Hendrix*, 143 S.Ct. 1857 (2023) and *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010), *vacated by Gilbert v.*

2

*United States*, 625 F.3d 716 (11th Cir. 2010), *opinion on rehearing on banc* 640 F.3d 1293 (11th Cir. 2011), *abrogated by McCarthan v. Director of Goodwill Industries-Suncoast*, 851 F.3d 1076 (11th Cir. 2017). Petitioner maintains that the conspiracy charges are not crimes of violence, attaching copies of cases from around the country confirming this.

## II. The Motion to Dismiss and the Reply

The Respondent has filed a motion to dismiss arguing that Petitioner's claims are time-barred and inappropriately raised in a § 2241 proceeding. With respect to the time bar, the Respondent contends that *Davis* was decided on June 24, 2019, giving Petitioner one year from that date in which to file his claim, but he did not do so. The Respondent also argues that Petitioner has failed to satisfy the requirements of the savings clause in 28 U.S.C. § 2241, observing that in *Jones v. Hendrix*, 599 U.S. 465, 471 (2023), the Supreme Court stated that an intervening change in statutory interpretation does not permit an inmate to seek relief under § 2241. Furthermore, if the motion is construed as a successive petition under § 2255, the Respondent argues that the Court lacks jurisdiction because Petitioner was convicted in California and not in the Eastern District of Texas.

In his response to the motion to dismiss, Petitioner asserts that the residual clause in 18 U.S.C. § 924(c)(3)(B), defining the term "crime of violence," is unconstitutionally vague. He maintains that conspiracy to commit Hobbs Act robbery is not a crime of violence and argues that a fundamental defect in a conviction or sentence, with no prior or present opportunity for review or correction, triggers the savings clause of §2241. He contends that applying *Jones v. Hendrix* would violate the Ex Post Facto Clause because he filed his petition before *Jones* was decided.

According to Petitioner, the Supreme Court's decisions in *Bailey v. United States*, 116 S.Ct. 501 (1995) and in *Davis* are retroactively applicable and establish that he was convicted of nonexistent offenses. He states that there was no evidence to show that he was actually present at the scene of any alleged Hobbs Act robberies when his alleged co-defendants used, carried, brandished, and possessed firearms, and so he did not participate in a crime of violence. He asks that his convictions be set aside because they were predicated on conspiracy charges which are no longer considered crimes of violence.

**III. Discussion**

In order to challenge his conviction or sentence in a § 2241 proceeding, Petitioner must show that the remedy available under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention (the so-called "savings clause.") *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The Fifth Circuit has held that the savings clause of § 2255 applies to a claim (1) that is based on a retroactively applicable Supreme Court decision which established that the petitioner may have been convicted of a non-existent offense, and (2) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *Cabello v. United States*, slip op. no. 21-51066, 2022 U.S. App. LEXIS 19378 (5th Cir., July 13, 2022), *citing Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). The core idea is that the petitioner may have been imprisoned for conduct which was not prohibited by law. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003). The petitioner bears the burden of demonstrating that the remedy under § 2255 is inadequate or ineffective. *Pack*, 218 F.3d at 452.

Petitioner points to *United States v. Davis* as being the retroactively applicable Supreme Court decision required to invoke the savings clause. In *Davis*, the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B) - defining a crime of violence as a felony that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense - was unconstitutionally vague. The Court therefore determined that conspiracy to commit a Hobbs Act robbery was not a crime of violence because a conclusion that the conspiracy is a crime of violence necessarily relies upon the residual cause. *Davis*, 588 U.S. at 449-51.

However, Petitioner is simply repeating the argument that he made in his second § 2255 motion in the district court. As stated in the Northern District of California's order denying Petitioner's motion to reduce sentence, dated December 6, 2022 (cause no. 4:96cr94, Dkt. No. 2466, 2022 U.S. Dist. LEXIS 220025, 2022 WL 17477095), Petitioner's second motion to vacate argued that the predicate crime of violence used to support his § 924(c) conviction was conspiracy to commit Hobbs Act robbery, but the court concluded that the predicate crime of violence was an

4

actual robbery, which is a crime of violence. The order observed that this conclusion was upheld by the Ninth Circuit Court of Appeals.

Because Petitioner's predicate crime of violence was a substantive Hobbs Act robbery, and not a conspiracy charge, *Davis* does not apply. In *Branham v. McConnell*, slip op. no. 20-30655, 2021 U.S. App. LEXIS 32967 at *2, 2021 WL 5175034 (5th Cir. 2021), the petitioner Adrian Branham was convicted of one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, three counts of substantive Hobbs Act robbery in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2, and three counts of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2. He argued that he was convicted of conspiracy to commit the predicate Hobbs Act robbery offenses for purposes of the § 924(c) counts, which is a non-existent offense in light of *United States v. Davis*, and so he was entitled to relief under the savings clause of 28 U.S.C. § 2255(e). The Fifth Circuit rejected this argument, concluding that the predicates for Branham's § 924(c) convictions are substantive Hobbs Act robberies, which are crimes of violence, and that because the conspiracy conviction was not the basis of his § 924(c) convictions, whether the conspiracy conviction is a crime of violence under *Davis* is irrelevant. Thus, Branham failed to carry his burden of demonstrating the inadequacy of the remedy under § 2255, and the district court did not err in concluding that it lacked jurisdiction.

In an analogous case, *Lang v. Johnson*, 847 F.App'x 233, 234 (5th Cir. 2021), the petitioner Lovelle Lang was convicted of conspiracy to commit carjacking in violation of 18 U.S.C. § 371, conspiracy to violate 18 U.S.C. § 924(n) by discharging a firearm in a crime of violence, three counts of carjacking in violation of 18 U.S.C. § 2119, one count of carrying a firearm in a crime of violence in violation of 18 U.S.C. § 924(c), two counts of discharging a firearm in a crime of violence in violation of 18 U.S.C. § 924(c), and one count of possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g) and punishable under 18 U.S.C. § 924(a)(2). After a direct appeal and a § 2255 motion, Lang sought relief under 28 U.S.C. § 2241, arguing that under *Davis*, conspiracy to commit carjacking is no longer a crime of violence. The Fifth Circuit held that the predicates for Lang's § 924(c) convictions were the carjacking

convictions, which are crimes of violence, and so whether conspiracy to commit carjacking is a crime of violence is irrelevant.

As in these cases, the predicate for Petitioner's § 924(c) conviction - as the Northern District of California found - was not conspiracy to commit Hobbs Act robbery, but the commission of Hobbs Act robbery, which is a crime of violence even after *Davis*. *See also Flanagan v. Warden, FCI-Beaumont*, civil action no. 1:22cv338, 2023 U.S. Dist. LEXIS 232545, 2021 WL 9184381 (E.D.Tex., October 19, 2023), *Report adopted at* 2024 U.S. Dist. LEXIS 4411, 2024 WL 96847 (E.D.Tex., January 9, 2024) (rejecting § 2241 petition where the prisoner had previously filed a § 2255 proceeding arguing that his § 924(c) conviction was invalid because aiding and abetting a Hobbs Act robbery was not a crime of violence, but the district court found that the conviction was based on a substantive Hobbs Act robbery rather than conspiracy to commit a Hobbs Act robbery). Plaintiff has failed to meet the standards for maintaining a claim under the savings clause and his petition fails to state a claim upon which relief may be granted for this reason.

In addition, Petitioner's claim is foreclosed by *Jones v. Hendrix*, 599 U.S. at 471. The *Davis* decision, even if it applied in this case, represents an intervening change in statutory interpretation, which is insufficient to invoke the savings clause. *Jackson v. Rivers*, civil action no. 4:23cv309, 2024 U.S. Dist. LEXIS 30238, 2024 WL 733639 (N.D.Tex., February 22, 2024); *Bowe v. Boulett*, civil action no. 3:22cv515, 2023 U.S. Dist. LEXIS 234983, 2023 WL 9596745 (S.D. Miss., Aug. 29, 2023), *Report adopted at* 2024 U.S. Dist. LEXIS 22179, 2024 WL 499504 (S.D. Miss., Feb. 8, 2024) (claims invoking the savings clause based on a change in statutory interpretation arising from *Davis* are foreclosed by *Jones*); *Williams v. Warden, FCI-Beaumont*, civil action no. 1:23cv155, 2023 U.S. Dist. LEXIS 224555, 2023 WL 8705671 (E.D. Tex, October 31, 2023), *Report adopted at* 2023U.S. Dist. LEXIS 223633, 2023 WL 8702142 (E.D.Tex., December 15, 2023) (same). Although Petitioner argues that *Jones* does not apply to him because he filed his petition before the case was decided, this argument lacks merit; each of the three above-listed cases were filed prior to *Jones* being decided. Petitioner has failed to state a claim on this basis as well, and the Respondent's motion to dismiss should be granted.

Nor can the petition be construed as a motion to vacate or correct sentence under 28 U.S.C. § 2255. As the Respondent correctly states, such a motion must be filed in the court of conviction. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Because Petitioner was convicted in California and not the Eastern District of Texas, this Court lacks jurisdiction over any § 2255 claims which Petitioner may bring.

## RECOMMENDATION

It is accordingly recommended that the Respondent's motion to dismiss (Dkt. No. 8) be granted and the above-styled petition for the writ of habeas corpus be dismissed with prejudice.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 26th day of July, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE